UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STATE OF ALABAMA and ALL KNOWN AND UNKNOWN PARTIES, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | SA-25-CV-1019-JKP (HJB) |
| SUBRIA MONAE WALKER, | § § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the status of the above case, which has been referred by the District Court to the undersigned for consideration of pretrial matters pursuant to 28 U.S.C. § 636(b).  (*See* Docket Entry 4.)   For the reasons set out below, I recommend that the case be **REMANDED** to the Fifteenth Judicial Circuit Court of Alabama.

On August 18, 2025, allegedly on the basis of federal question jurisdiction, *see* 28 U.S.C. § 1331, Defendant purported to remove Case No. CC-2024-000404.00 "from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Western District of Texas."   (Docket Entry 1, at 2.)   Although Defendant failed to include any documentation of the state court proceedings with her notice of removal, the undersigned takes judicial notice that this is a criminal case in which the State of Alabama has charged Defendant with one count of chemically endangering a minor, in violation of ALA. CODE § 26-15-3.2.   *See Hernandez v. Baylor Univ.*, 274 F. Supp. 3d 602, 609 (W.D. Tex. 2017) ("A court may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings.") (citation modified).

Section 1331 "does not grant jurisdiction over criminal cases, and a defendant in a criminal prosecution may not rely on § 1331 as a basis for removal." *Thomas v. Texas*, No. 3:24-CV-3203-B-BN, 2025 WL 1254450, at *2 (N.D. Tex. Jan. 10, 2025) (citation modified), *report and recommendation adopted*, No. 3:24-CV-3203-B, 2025 WL 1254437 (N.D. Tex. Jan. 28, 2025). Removal of criminal prosecutions from state to federal court is governed by 28 U.S.C. § 1455. To remove a criminal case from state to federal court, the defendant must file a notice of removal "in the district court of the United States for the district and division within which such prosecution is pending," along with "a copy of all process, pleadings, and orders served upon [her]" in that prosecution. 28 U.S.C. § 1455(a). "If it clearly appears on the face of the notice . . . that removal should not be permitted, the court shall make an order for summary remand." *Id.* at § 1455(b)(4).

Defendant's criminal case is pending in the Fifteenth Circuit Court of Alabama, which is located in Montgomery County. Accordingly, "the district and division" within which her criminal prosecution is pending—and the only one to which removal is even possible—is the Northern Division of the Middle District of Alabama. *See* 28 U.S.C. § 81(b)(1) ("The Northern Division . . . . [of t]he Middle District . . . . comprises the counties of . . . Montgomery. . . ."). Thus, it is clear from the face of Plaintiff's notice "that removal should not be permitted," and that "summary remand" is appropriate. *Id.* § 1455(b)(4). Accordingly, I recommend that the Court **REMAND** this matter to the Fifteenth Circuit Court of Alabama. *See id.*

### Notice of Right to Object

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be

filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. Absent leave of Court, **objections are limited to 20 pages in length**. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on October 10, 2025

---
Henry J. Bemporad
United States Magistrate Judge