UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

STATE OF ALABAMA AND ALL
KNOWN AND UNKNOWN PARTIES,

    *Plaintiff*,

v.                                                                                          Case No. 5:25-CV-01019-JKP

SUBRIA WALKER,

    *Defendant*.

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION

Before the Court is United States Magistrate Judge Henry J. Bemporad's Report and Recommendation. *ECF No. 5*. In the Report and Recommendation, Judge Bemporad recommends the Court remand this matter to the Fifteenth Circuit Court of Alabama. *Id. at 2*. Defendant Subria Walker, proceeding *pro se*, did not object to the Report and Recommendation. Upon review, the Court **ACCEPTS AND ADOPTS** the Report and Recommendation. As recommended, the Court **REMANDS** this action to the Fifteenth Circuit Court of Alabama.

### STANDARD OF REVIEW

Any party who seeks review of all or a portion of a Magistrate Judge's Report and Recommendation must serve and file specific written objections within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). If a party does not timely object to all or a portion of a Magistrate Judge's Report and Recommendation, the District Court will review the unobjected-to proposed findings and recommendations to determine whether they are clearly erroneous or contrary to law. *Johnson v. Sw. Research Inst.*, 210 F. Supp.3d 863, 864

(W.D. Tex. 2016) (citing *U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.) (per curiam), *cert. denied*, 492 U.S. 918 (1989).[1]

## DISCUSSION

Consistent with 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the Court reviewed the subject Report and Recommendation for clear error on the face of the record. The Court finds no such error.

As detailed in Judge Bemporad's Report and Recommendation:

On August 18, 2025, allegedly on the basis of federal question jurisdiction, *see* 28 U.S.C. § 1331, Defendant purported to remove Case No. CC-2024-000404.00 "from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Western District of Texas." (Docket Entry 1, at 2.) Although Defendant failed to include any documentation of the state court proceedings with her notice of removal, the undersigned takes judicial notice that this is a criminal case in which the State of Alabama has charged Defendant with one count of chemically endangering a minor, in violation of ALA. CODE § 26-15-3.2. *See Hernandez v. Baylor Univ.*, 274 F. Supp. 3d 602, 609 (W.D. Tex. 2017) ("A court may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings.") (citation modified).

Section 1331 "does not grant jurisdiction over criminal cases, and a defendant in a criminal prosecution may not rely on § 1331 as a basis for removal." *Thomas v. Texas*, No. 3:24-CV-3203- B-BN, 2025 WL 1254450, at *2 (N.D. Tex. Jan. 10, 2025) (citation modified), *report and recommendation adopted*, No. 3:24-CV-3203-B, 2025 WL 1254437 (N.D. Tex. Jan. 28, 2025). Removal of criminal prosecutions from state to federal court is governed by 28 U.S.C. § 1455. To remove a criminal case from state to federal court, the defendant must file a notice of removal "in the district court of the United States for the district and division within which such prosecution is pending," along with "a copy of all process, pleadings, and orders served upon [her]" in that prosecution. 28 U.S.C. § 1455(a). "If it clearly appears on the face of the notice . . . that removal should not be permitted, the court shall make an order for summary remand." *Id.* at § 1455(b)(4).

---

[1] While Federal Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that were ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d at 1221.

Defendant's criminal case is pending in the Fifteenth Circuit Court of Alabama, which is located in Montgomery County. Accordingly, "the district and division" within which her criminal prosecution is pending—and the only one to which removal is even possible—is the Northern Division of the Middle District of Alabama. *See* 28 U.S.C. § 81(b)(1) ("The Northern Division . . . . [of t]he Middle District . . . . comprises the counties of . . . Montgomery. . . ."). Thus, it is clear from the face of Plaintiff's notice "that removal should not be permitted," and that "summary remand" is appropriate. *Id*. § 1455(b)(4). Accordingly, I recommend that the Court REMAND this matter to the Fifteenth Circuit Court of Alabama. *See id*.

## CONCLUSION

Accordingly, the Court **ACCEPTS AND ADOPTS** the Report and Recommendation. As recommended, the Court **REMANDS** this action to the Fifteenth Circuit Court of Alabama.

It is so **ORDERED**.
SIGNED this 31st day of October, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE